UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DISTRICT

CASE NO.:  9:22-cv-81576

VPR BRANDS, LP,

    Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, AND KINGDOM VAPOR INC.,

    Defendants.

### DECLARATION OF KEVIN FRIJA IN SUPPORT OF PRELIMINARY INJUNCTION

I, Kevin Frija, declare and say:

    1.    My name is Kevin Frija. I am the Chief Executive Officer of VPR Brands, LP ("VPR").

    2.    I am a resident of the state of Florida. I am over the age of 18. I am fully competent to make this declaration.

    3.    I make this declaration in support of VPR's motion for Alternative Service.

    4.    Unless otherwise indicated, my declaration is based on my own personal knowledge and, if called upon to do so, I could and would testify competently to the following.

5. Beginning in May of this year, I first became aware of a disposable e-cigarette product being marketed and sold in the United States using the ELF mark belonging to VPR called ELF BAR or ELFBAR. An image of an ELFBAR product is shown below.



6. I attempted to investigate the source of the product but was unable initially to determine the parties responsible for the importation, distribution, and sale of the unauthorized ELFBAR disposable e-cigarettes. Finally, after identifying several distributors of ELFBAR, I was able to determine that the source of the product was SHENZHEN WEIBOLI TECHNOLOGY CO. LTD. ("Weiboli").

7. On July 6, 2022, through my counsel, I caused a cease-and-desist letter to be sent to one or more of Weiboli's United States distributors who are also defendants herein with Weiboli.

8. On August 8, 2022, my counsel received a response from attorney Carrie A. Shufflebarger of Thompson Hine, LLP indicating that "[t]he firm serves as counsel to Shenzhen Weiboli Technology Co. Ltd. in connection with intellectual property matters."

9. On September 21, 2022, I contacted Weiboli's President, Shengwei Zhang, who is also known as "Scott." I obtained the phone number for Scott through a well-known contact of mine in the e-cigarette industry. I was able to contact and correspond with Scott via WhatsApp utilizing the following number: +86 186 8211 0386.

10. Between September 21, 2022, and October 2, 2022, I corresponded with Weiboli's president, Scott, via WhatsApp at least three (3) times.

11. Weiboli's president, Scott, received and sent communications to me, in English, through WhatsApp. I sent messages to Weiboli's president, Scott, in English and Weiboli's president, Scott, responded to the messages in English.

12. Based on the messages we exchanged, it is clear to me that Weiboli's president, Scott, has a working knowledge of the English language, he knows about the dispute between our companies, and he has been in contact with Weibloi's United States intellectual property counsel regarding this dispute. Specifically, Weiboli's president, Scott, had knowledge of the facts and discussions my attorneys had with Weiboli's United States intellectual property counsel.

13. Through these communications, I personally confirmed that +86 186 8211 0386 is a valid WhatsApp contact number for Weiboli's president, Shengwei ("Scott") Zhang. I further confirmed that Scott receives and responds to communications on WhatsApp at this number, and understands communications sent in English.

14. Under ELFBAR's privacy policy, publicly available at the following URL: https://www.elfbar.com/privacy-policy.html, which was updated October 19, 2022, there is a contact email for ELFBAR: business@elfbarvape.com. Attached herewith as **Exhibit 1** is a true and correct copy of the ELFBAR webpage containing its use of that email address.

15. Weiboli's ELFBAR website (https://www.elfbar.com/) has links to social media sites such as Facebook, Instagram, and VK. The social media sites have the following emails listed service@elfbarvape.com and marketing@elfbarvape.com. These three (3) emails are used in Weiboli's regular course of business to conduct its online business.

16. Weiboli is engaged in e-commerce utilizing the following publicly available website for retail: https://www.elfbar.com. The website Weiboli utilizes (https://www.elfbar.com) contains a tab for wholesale sales information. The wholesale tab is a drop-down menu that contains two other links: (1) "Become a Wholesaler" and (2) "Our Distributors". The website Weiboli utilizes also contains a hyperlink to the "Wholesale Store" on the top right corner of the Webpage. Clicking the link leads to the publicly available URL: https://store.elfbar.com/ which contains ELFBAR devices that are available for sale at wholesale. Weiboli is engaged in wholesale e-commerce utilizing the above hyperlink.

17. The remaining defendants in the action, according to Weiboli's website, are authorized United States wholesale dealers, as identified under ELFBAR's "Wholesale" tab on its website, including a link to its distributors worldwide. The website is publicly available at the following URL: https://www.elfbar.com/distributor.html#

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   October 25, 2022

*Kevin Frija*
_____
Kevin Frija, CEO, VPR Brands, LP