**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:22-cv-81576**

VPR BRANDS, LP,

               Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO.
LTD, YLSN DISTRIBUTION LLC, ECTO
WORLD LLC, SAFA GOODS LLC, D&A
DISTRIBUTION LLC, UNISHOW (U.S.A.),
INC., SV3 LLC, and KINGDOM VAPOR
INC.,

               Defendants.

---

**<u>FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, CYBERSQUATTING AND PATENT INFRINGEMENT</u>**

**<u>(INJUNCTIVE RELIEF DEMANDED)</u>**

**SRIPLAW**
California ♦ Georgia ♦ Florida ♦ Tennessee ♦ New York

## <u>TABLE OF CONTENTS</u>

NATURE OF THE LAWSUIT ................................................................................................3

JURISDICTION AND VENUE ............................................................................................4

THE PLAINTIFF.....................................................................................................................4

THE PLAINTIFF'S ELF TRADEMARK............................................................................5

DEFENDANTS ........................................................................................................................9

DEFENDANT WEIBOLI'S PATENT INFRINGEMENT............................................16

COUNT I - TRADEMARK INFRINGEMENT UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. § 1114(a)  (Against All Defendants)................................................17

COUNT II - TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)  (Against All Defendants) ................................................................18

COUNT III- COMMON LAW UNFAIR COMPETITION (Against All Defendants) ...............19

COUNT IV- DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622 (Against Weiboli Only)..........................................................................................................................20

COUNT V- VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT 15 U.S.C. § 1125(d) (Against Weiboli Only)............................................21

PRAYER FOR RELIEF .........................................................................................................22

JURY DEMAND......................................................................................................................24

Plaintiff VPR BRANDS, LP by and through its undersigned counsel, brings this First Amended Complaint against Defendants SHENZHEN WEIBOLI TECHNOLOGY CO. LTD, YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, and KINGDOM VAPOR INC. (collectively "Defendants") for damages and injunctive relief, and in support thereof states as follows:

## NATURE OF THE LAWSUIT

1.       Plaintiff VPR BRANDS, LP ("VPR") brings this action for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §1125(a) and under Florida common law, to enjoin and obtain damages resulting from the Defendants' unauthorized marketing, advertising, promotion, sale, and importation of e-cigarette products that infringe Plaintiff's United States Trademark Registration No. 5,486,616 for ELF for electronic cigarettes ("ELF Mark"). Plaintiff seeks preliminary and permanent injunctive relief to prevent Defendants from continuing to infringe Plaintiff's ELF Mark, and monetary damages resulting from Defendants' past and ongoing infringement.

2.       This is also an action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and importation into the United States for subsequent use and sale of electronic cigarette products that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendants' infringement.

3.       This is also a claim for cybersquatting arising under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## JURISDICTION AND VENUE

4.      This is an action arising under the Lanham Act, 15 U.S.C. § 1114 and the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

5.      This is also an action arising under the Patent Act.

6.      This Court has original and exclusive subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271.

7.      This Court also has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a).

8.      Defendants are subject to personal jurisdiction in Florida pursuant to Fla. Stat. § 48.193 because Defendants market, advertise, distribute, and sell trademark infringing products in this judicial district to consumers in this judicial district, and Defendants' trademark infringement and unfair competition caused injury to Plaintiff in this judicial district.

9.      Venue for Plaintiff's Lanham Act claims is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE PLAINTIFF

10.     Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership with its principal place of business in this judicial district, located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

11.     VPR is a market leader and pioneer engaged in product development for the vaping market, including e-liquids, vaporizers, and electronic cigarettes (also known as e-cigarettes) which are devices that deliver nicotine and or cannabis through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

12.     VPR is in the business of creating, designing, and distributing innovative electronic cigarette technologies and other related technologies. VPR is also in the business of creating valuable e-cigarette brands.

13.     VPR has been successful in building valuable intellectual property due, at least in part, to the extensive experience of CEO Kevin Frija's extensive experience in the e-cigarette industry. Frija began working in the e-cigarette business in 2008. In 2009, Frija became the President and Chief Executive Officer of Vapor Corp., one of the first U.S. importers and first publicly traded electronic cigarette companies. Frija helped grow Vapor Corp. into one of the largest and most recognized electronic cigarette companies at the time.

## THE PLAINTIFF'S ELF TRADEMARK

14.     As early as November 24, 2017, VPR first used the mark ELF in commerce in relation with electronic cigarettes.

15.     Beginning on November 24, 2017, VPR began marketing a line of electronic cigarettes and electronic cigarette accessories under the **ELF** brand name and logo. On November 24, 2017, VPR first used the ELF mark in commerce in connection with VPR's sale of electronic cigarettes and accessories.

16.     On June 5, 2018, VPR obtained the United States Trademark Registration No. 5,486,616 for ELF in International Class 34 for use in connection with "Electronic cigarette lighters; Electronic cigarettes; Smokeless cigarette vaporizer pipe." (the "ELF Mark" or "'616 Registration"). **Exhibit 1** annexed hereto is a true and correct copy of the ELF registration.

17.     VPR's ELF Mark is entitled to a presumption of validity. 15 U.S.C. § 1057(b); 15 U.S.C. § 1115(a); *see also Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 n.3 (11th Cir. 2007) ("Registration establishes a rebuttable presumption that the marks are protectable or 'distinctive.'").

18.     ELF is an arbitrary mark that had no significance in the electronic cigarette business prior to VPR's usage of the mark.

19.     Because the ELF Mark is an arbitrary mark it deserves greater trademark protection.

20.     VPR currently markets two product lines under the ELF brand. One product line consists of the ELF Original Auto Draw Conceal Kit products. The ELF Original Auto Draw Conceal Kit is a reusable (non-disposable) bar-shaped e-cigarette featuring a buttonless design, high-capacity battery, and a high-end aluminum body in a variety of colors. The ELF Original Auto Draw Conceal Kit is compatible with all industry standard refillable 510 mouthpieces.

21.     An example of VPR's ELF-branded hand-held vaporizing device is shown in **Exhibit 2**, a true and correct copy of the specimen submitted to the United States Patent and Trademark Office ("USPTO") to obtain the ELF Mark registration.

22.     An example of the ELF Original Auto Draw Conceal Kit product bearing the ELF mark is shown below.



23.     The other ELF product line consists of high-capacity e-cigarette batteries designed to be connected to industry standard refillable 510 mouthpieces. Example products bearing the ELF mark are shown below.



24.     VPR's ELF Mark is highly distinctive, and the purchasing public equates the ELF Mark with Plaintiff's high-quality goods and services.

25.     VPR markets and sells its ELF devices on its publicly available website https://vprbrands.com/

26.     VPR also sells its ELF e-cigarette products and e-cigarette accessory products through retailers nationwide.

27.     VPR was the first to use the mark ELF in connection with ELF e-cigarette products and e-cigarette accessory products. Prior to VPR's use of the ELF mark, no other e-cigarette brand used the ELF mark for e-cigarettes or accessories.

28.     ELF is an arbitrary mark that had no significance in the electronic cigarette industry.

29.     VPR chose the arbitrary and unique ELF mark to signify to its consumers its ELF e-cigarette products and e-cigarette accessory products from other devices on the market.

30.     VPR continually and exclusively used the ELF mark for ELF e-cigarette products and e-cigarette accessory products to date. VPR has continuously used the ELF Mark in commerce to distinguish its e-cigarette products and e-cigarette accessory products since 2017.

31.     VPR has never licensed the use of the ELF Mark to anyone for use with e-cigarette products or e-cigarette accessory products.

32.     VPR's ELF mark is distinctive, and the purchasing public equates Plaintiff's Mark with Plaintiff's high-quality goods and services.

33.     VPR expended significant resources to market ELF e-cigarette products and e-cigarette accessory products to consumers.

34.     VPR's ELF mark is widely recognized by consumers of e-cigarette products and e-cigarette accessory products.

35.     VPR's ELF mark is well known by national distributors of e-cigarette products and e-cigarette accessory products.

36.     VPR's ELF mark signifies the highest industry standards for e-cigarette products and e-cigarette accessory products.

37.     VPR's ELF mark serves as an indication of origin, source, and quality for consumers and distributors of e-cigarette products and e-cigarette accessory products.

38.     VPR carefully monitors and controls the use of the ELF mark to ensure that only the highest quality e-cigarette products and e-cigarette accessory products carry the ELF brand.

39.     At all times relevant, VPR was the senior user of the ELF Mark in the United States.

## **DEFENDANTS**

40.     Defendants are a Chinese manufacturer of e-cigarettes (SHENZHEN WEIBOLI TECHNOLOGY CO. LTD) and that manufacturer's authorized United States distributors

(YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A

DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, and KINGDOM VAPOR INC.).

41.     SHENZHEN WEIBOLI TECHNOLOGY CO. LTD ("Weiboli") is a Chinese

Limited Company with its principal place of business at CHINA RM 312, Tianshuzuo, No. 6099

Bao'an Avenue, Bao'an District, Shenzhen, CHINA 518000.

42.     Weiboli is the manufacturer and supplier of ELFBAR electronic cigarettes.

Examples of Weiboli's ELFBAR electronic cigarette products are shown below:



43.     SAFA GOODS LLC ("SAFA") is a Florida limited liability corporation, with its

principal place of business located at 1212 Market Circle, Port Charlotte, FL 33948 , and can be

served by serving its Registered Agent, Haitham Shriteh, at the same address.

44.     SAFA is a wholesale distributor of ELFBAR electronic cigarette products in this

judicial district and the United States. At all times relevant herein, SAFA owned and operated

the internet website located at the publicly available URL https://safagoods.com.

45.     YLSN DISTRIBUTION, LLC ("YLSN") is an Arizona limited liability company, with its principal place of business at 495 N Oracle Circle, Suite 105, Tucson, AZ 85705, and can be served by serving its Registered Agent, LEGALINC Corporate Services Inc., at 17470 N Pacesetter Way, Scottsdale, AZ 85255.

46.     YLSN is a wholesale distributor of ELFBAR electronic cigarette products. YLSN offers ELFBAR electronic cigarette products for sale to retailers throughout the United States, including in this judicial district. At all times relevant herein, YLSN owned and operated the internet website located at the publicly available URL https://happy-distro.com/.

47.     ECTO WORLD, LLC ("ECTO") is a New York limited liability company with its principal place of business at 2225 Kenmore Avenue, Suite 110, Buffalo, NY 14207, and can be served by serving its Registered Agent, The LLC, at the same address.

48.     ECTO is a wholesale distributor of ELFBAR electronic cigarette products. ECTO offers ELFBAR electronic cigarette products for sale to retailers throughout the United States, including in this judicial district. At all times relevant herein, ECTO owned and operated the internet website located at the publicly available URL https://demandvape.com.

49.     D&A DISTRIBUTION, LLC ("D&A"), is a Georgia limited liability company with its principal place of business located at 202 Bourne Boulevard, Suite 80, Savannah, GA 31408, and can be served by serving its Registered Agent, Robert Ali, at 103 Grays Creek Court, Savannah, GA 31410.

50.     D&A is a wholesale distributor of ELFBAR electronic cigarette products. D&A offers ELFBAR electronic cigarette products for sale to retailers throughout the United States, including in this judicial district. D&A owned and operated the internet website located at the publicly available URL https://www.strictlyecig.com.

51.     UNISHOW (U.S.A.), INC. ("UNISHOW"), is a Texas corporation, with its

principal place of business located at 5902 Sovereign Drive, Suite B, Houston, TX 77036, and

can be served by serving its Registered Agent, Chen Gen, at 9300 Harwin Drive, Suite B,

Houston, TX 77036.

52.     UNISHOW is a wholesale distributor of ELFBAR electronic cigarette products.

UNISHOW offers ELFBAR electronic cigarette products for sale to retailers throughout the

United States, including in this judicial district. At all times relevant herein, D&A owned and

operated the internet website located at the publicly available URL

https://www.unishowinc.com.

53.     SV3 LLC ("SV3"), is a Arizona limited liability company with its principal place

of business located at 2303 N 44th Street, Suite 2, Phoenix, AZ 85008, and can be served by

serving its Registered Agent, Amir Hakak, at the same address .

54.     SV3 is a wholesale distributor of ELFBAR electronic cigarette products. SV3

offers ELFBAR electronic cigarette products for sale to retailers throughout the United States,

including in this judicial district. At all times relevant herein, SV3 owned and operated the

internet website located at the publicly available URL https://mipod.com.

55.      KINGDOM VAPOR INC. ("KINGDOM VAPOR") is a Pennsylvania limited

liability company, with its principal place of business located at 226 5th Avenue, Clarion, PA

16214 , and can be served by serving its Registered Agent, the corporation, at the same address.

56.     KINGDOM VAPOR is a wholesale distributor of ELFBAR electronic cigarette

products. KINGDOM VAPOR offers ELFBAR electronic cigarette products for sale to retailers

throughout the United States, including in this judicial district. At all times relevant herein,

KINGDOM VAPOR owned and operated the internet website located at the publicly available URL https://kingdomvapor.com.

## TRADEMARK INFRINGEMENT BY DEFENDANTS

57.     Weiboli exports its ELFBAR electronic cigarette products from China into the United States to its authorized United States distributors SAFA, YLSN, ECTO, D&A, UNISHOW, SV3, and KINGDOM VAPOR.

58.     SAFA, YLSN, ECTO, D&A, UNISHOW, SV3, and KINGDOM VAPOR import and distribute ELFBAR electronic cigarette products throughout the United States, including in Florida, by selling on a wholesale basis to retailers and consumers in this jurisdiction.

59.     Weiboli, SAFA, YLSN, ECTO, D&A, UNISHOW, SV3, and KINGDOM VAPOR use the registered ELF Mark in interstate commerce without the consent, authorization, license or permission of VPR.

60.     Weiboli, SAFA, YLSN, ECTO, D&A, UNISHOW, SV3, and KINGDOM VAPOR are the junior users of the ELF Mark for electronic cigarettes in the United States.

61.     Defendants advertise, market, promote, offer for sale, distribute, and sell hand-held electronic cigarette products under the ELFBAR name throughout the United States, including in this judicial district.

62.     The ELFBAR name uses Plaintiff's registered ELF word mark in conjunction with the word "BAR."

63.     ELF BAR or ELFBAR combines VPR's registered trademark ELF with the word bar that means a "substance formed into a regular narrow block," like a chocolate bar. The shape of the ELF BAR product is bar shaped, therefore the word BAR is merely descriptive of the shape of the ELFBAR electronic cigarette.

64.     The word "bar" is commonly used to refer to bar shaped e-cigarettes such as Geek Bar, Air Bar, and Puff Bar. As a result, the addition of the word "bar" added to "elf" fails to distinguish VPR's ELF e-cigarette products from Weiboli's ELFBAR product.

65.     The shape of the ELF Original Auto Draw Conceal Kit product is also bar shaped. In fact, as shown below, the ELF BAR product copied the shape of VPR's product.



66.     Defendants' ELFBAR name is confusingly similar to Plaintiff's ELF Mark as applied to e-cigarette products, and is likely to cause confusion among consumers, retailers and distributors in the United States.

67.     The Weiboli ELFBAR name is confusingly similar to Plaintiff's registered ELF mark as applied to e-cigarette products.

68.     The Weiboli ELFBAR name is causing actual confusion among consumers, retailers and distributors of e-cigarettes in the United States.

69.     At least as early as July 19, 2021, Weiboli had knowledge of VPR's ELF mark, and was on notice that Weiboli's ELFBAR-branded products are likely to cause confusion with VPR's ELF Mark in the United States.

70.     On December 31, 2020, Weiboli filed an application with the USPTO to register the mark "ELFBAR" for electronic cigarettes.

71.     On July 19, 2021, the USPTO issued an Office Action rejecting Weiboli's ELFBAR application, under section 2(d), based on a likelihood of confusion with Plaintiff's ELF Mark.  The Office Action stated, in part, "the marks are confusingly similar because applicant's mark ELFBAR creates an overall similar commercial impression with the registered mark ELF. Because the marks look and sound similar and create the same commercial impression, the marks are considered similar for likelihood of confusion purposes."

72.     Weiboli did not respond to the July 19, 2021, Office Action, and its application to register the ELFBAR mark was abandoned as of January 20, 2022.

73.     Despite the USPTO's rejection of the ELF BAR trademark application, Weiboli entered the market in the U.S. with its infringing ELF BAR product.

74.     Weiboli entered the market knowing that it was selling a product under a mark that was confusingly similar to VPR's ELF mark.

75.     Beginning in May of this year, VPR first became aware of a disposable e-cigarette product being marketed and sold in the United States using the ELF mark called ELFBAR.

76.     VPR attempted to investigate the source of the product but was unable initially to determine the parties responsible for the manufacture and importation of the unauthorized ELFBAR disposable e-cigarettes.

77.     Finally, after identifying several distributors of the ELFBAR, VPR was able to determine that the source of the product was SHENZHEN WEIBOLI TECHNOLOGY CO. LTD.

78.     The Weiboli ELFBAR name is causing confusion among consumers, retailers and distributors of e-cigarettes in the United States.

79.     At least one national e-cigarette distributor contacted VPR under the mistaken belief that VPR was the source and origin of the ELFBAR product.

80.     VPR notified Weiboli that it was infringing on VPR's registered mark.

81.     Despite being notified of their infringement, Defendants have continued to infringe on VPR's registered mark.

82.     VPR has been harmed.

83.     The harm to VPR is irreparable.

### THE PLAINTIFF'S PATENT

84.     VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the "'622 Patent") entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as **Exhibit 3**.

85.     The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

86.     The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

87.     Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air

puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

## DEFENDANT WEIBOLI'S PATENT INFRINGEMENT

88.     Defendant Weiboli makes, uses, imports, offers for sale, distributes and sells one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

89.     The electronic cigarette products that infringe the '622 Patent are branded as ELFBAR.

90.     ELFBAR products are electronic cigarettes that contain a rechargeable battery that functions as a power source which supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

91.     ELFBAR products also contain an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole.

92.     The user inhales through the air puffing hole at an end of the ELFBAR to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

93.     The electronic cigarette products that Defendant Weiboli makes, uses, imports, offers for sale, distributes and sells under the ELFBAR brand name infringe one or more claims of the '622 Patent.

94.     Defendant Weiboli makes, uses, imports, offers for sale, distributes and sells electronic cigarette products under other brand names that are substantially similar to the ELFBAR product, function in the same way as the ELF BAR product, and infringe one or more claims of the '622 Patent.

95.     At all times during which Defendant Weiboli imported, made, used, offered to sell and sold electronic cigarette products that infringe one or more claims of the '622 Patent, Weiboli had knowledge of the '622 Patent.

96.     Plaintiff has been irreparably harmed by Weiboli's infringement of VPR's valuable patent rights.

97.     Weiboli's unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of VPR's intellectual property because Weiboli's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

98.     Weiboli's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

99.     Weiboli will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

100.    Unless and until Weiboli's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I - TRADEMARK INFRINGEMENT UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. § 1114(a)
### (Against All Defendants)

101.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 100 as if set forth fully herein.

102.    VPR registered the ELF Mark, in International Class 34 for use in connection with electronic cigarettes, with the USPTO on June 5, 2018 and was assigned the registration number 5,486,616.

103.    At all relevant times VPR was the owner of the ELF Mark at issue in this case.

104.    Defendants' use of the mark ELFBAR in connection with electronic cigarettes is likely to cause confusion in the marketplace.

105.    Defendants' infringement of Plaintiff's ELF Mark is willful, and done with knowledge that their use of ELFBAR is likely to cause confusion in the marketplace.

106.    Defendants' activities alleged in this Count have been without license, permission, or authorization from VPR.

107.    The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

108.    Unless enjoined, Defendants' infringement will continue to harm VPR's valuable registered trademark rights.

## COUNT II - TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a) (Against All Defendants)

109.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 100 as if set forth fully herein.

110.    At all relevant times VPR was the owner of the ELF Mark at issue in this case.

111.    Defendants used plaintiff's ELF mark to promote the sale of electronic cigarette products in interstate commerce under the name ELFBAR.

112.    Defendants' use of plaintiff's ELF mark is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, because Defendants have never been licensed or otherwise authorized to use Plaintiff's ELF Mark for any purpose.

113.    Defendants' use of plaintiff's ELF mark is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause

confusion, mistake, or deceive consumers as to the affiliation, connection, or association of VPR with the Defendants.

114.    Defendants' use of plaintiff's ELF mark is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval by VPR of Defendants' goods.

115.    Defendants' use of plaintiff's ELF mark is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that Defendants' use in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Defendants' ELFBAR products.

116.    The activities of Defendants as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

117.    Unless enjoined, Defendants' unfair competition will continue to deceive the public and injure competition.

## COUNT III- COMMON LAW UNFAIR COMPETITION
### (Against All Defendants)

118.    VPR incorporates the allegations of paragraphs 1 through 100 as if fully set forth herein.

119.    At all relevant times VPR was the owner of the ELF Mark at issue in this case.

120.    Defendants used plaintiff's ELF mark to promote the sale of electronic cigarette products under the name ELFBAR.

121.    Defendants' use of the ELF mark is unfair and injures competition.

122.    Defendants' activities alleged in this Count have been without license, permission, or authorization from VPR.

123.    Defendants' activities alleged herein constitute unfair methods of competition in violation of the common law of the state of Florida.

124.    As a direct and proximate result of Defendants' unfair competition, VPR has suffered and will continue to suffer loss of reputation among its purchasers and potential purchasers, and Defendants will continue to unfairly acquire income, profits, and goodwill.

125.    VPR has been damaged.

126.    The damage to VPR is irreparable.

127.    Unless enjoined, Defendants' unfair competition will continue to deceive the public and injure competition.

## COUNT IV- DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622
### (Against Weiboli Only)

128.    VPR incorporates the allegations of paragraphs 1 through 100 as if fully set forth herein.

129.    Within the six years preceding the filing of the original Complaint, Weiboli directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in herein in violation of 35 U.S.C. § 271(a).

130.    Without limiting the foregoing, Weiboli infringed at least claim 13 of the '622 Patent by making, using, distributing, importing, offering to sell and selling ELFBAR branded electronic cigarettes.

131.    Weiboli's activities alleged in this Count have been without license, permission, or authorization from VPR.

132.    The activities of Weiboli as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

<u>**COUNT V- VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER**</u>
<u>**PROTECTION ACT**</u>
<u>**15 U.S.C. § 1125(d)**</u>
<u>**(Against Weiboli Only)**</u>

133.    VPR incorporates the allegations of paragraphs 1 through 100 as if fully set forth

herein.

134.    VPR is the owner of the ELF Mark in International Class 34 for use in connection

with electronic cigarettes, with the USPTO on June 5, 2018 and was assigned the registration

number 5,486,616, which is used to identify and promote VPR's electronic cigarette and

electronic cigarette accessory products.

135.    The ELF Mark is a distinctive mark.

136.    Defendant Weiboli owns, operates, and controls the internet domain name and

website at WWW.ELFBAR.COM.

137.    The WWW.ELFBAR.COM domain is confusingly similar to Plaintiff's ELF

Mark.

138.    Defendant Weiboli registered and used the ELFBAR.COM domain primarily to

capitalize on the good will associated with VPR's ELF Mark.

139.    Defendant Weiboli registered, trafficked in or used the ELFBAR.COM domain

with a bad faith intent to profit from Plaintiff's ELF Mark and its associated goodwill.

140.    Defendant's diversion of traffic has harmed and continues to harm Plaintiff's

ability to generate business and keep customers.

141.    Defendant's acts constitute cybersquatting in violation of 15 USC §1125(d).

142.    As a direct and proximate cause of Defendant's conduct, VPR has suffered

damages and will continue to suffer actual and other damages in an amount to be proven at trial.

143.    VPR is also entitled to an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

144.    As a result of Defendant Weiboli's cybersquatting on the ELFBAR.COM domain, VPR will continue to suffer, irreparable harm to its property rights, goodwill and business reputation for which there is no adequate remedy at law, and VPR is entitled to an injunction to prevent Weiboli or the other defendants from using the domain name at issue or any other domain name using the ELF Mark, or any marks confusingly similar thereto.

145.    VPR is also entitled to an award of treble damages for Defendant Weiboli's willful acts under 15 U.S.C. § 1117(a).

146.    Defendant's conduct is wrongful, malicious, fraudulent, deliberate, willful and intentional, thereby making this case exceptional, and VPR is therefore entitled to recover costs of this action and attorneys' fees under 15 U.S.C. §1117(a).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff VPR Brands, LP prays for judgment against the Defendants SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, AND KINGDOM VAPOR INC. that:

a.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 15 U.S.C. § 1114 and § 1125;

b.    Defendants be required to pay Plaintiff its damages including lost sales and Defendants' profits as provided in 15 U.S.C. § 1125;

  c.  Enter a finding of willful patent infringement against Weiboli under the patent asserted in this First Amended Complaint;

  d.  Permanently enjoin Weiboli from committing patent infringement;

  e.  Award in favor of Plaintiff and against Weiboli such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

  f.  Award  in favor of Plaintiff and against Weiboli an enhancement of damages;

  g.  Award in favor of Plaintiff for treble damages pursuant to 15 U.S.C. § 1117(a);

  h.  Enter a preliminary injunction and permanently enjoining Defendants from using the ELF Mark in relation to selling and marketing electronic cigarettes, and in connection with the use of the ELFBAR.COM domain name, or any other domain name confusingly similar thereto, and order the ELFBAR.COM domain be transferred to VPR;

  i.  Plaintiff be awarded damages, including disgorgement of profits, for cyberpiracy service mark infringement in an amount to be determined at trial, and also that Plaintiff be awarded statutory damages for cyberpiracy in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just;

  j.  Find that this is an exceptional case;

  k.  Award Plaintiff its attorneys' fees against Defendants under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

  l.  Award Plaintiff its costs against Defendants,

  m.  Plaintiff be awarded pre- and post-judgment interest; and

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

n.      Plaintiff be awarded such other and further relief as the Court deems just

and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: December 16, 2022                Respectfully submitted,


*/s/ Joel B. Rothman*_____
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff VPR Brands, LP*