# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

## CASE NO.:  9:22-cv-81576-AMC

VPR BRANDS, LP,

      Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO.
LTD. (ELF BAR), YLSN DISTRIBUTION
LLC, ECTO WORLD LLC, SAFA GOODS
LLC, D&A DISTRIBUTION LLC,
UNISHOW (U.S.A.), INC., SV3 LLC, and
KINGDOM VAPOR INC.,

      Defendants.

_____

## MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S PRELIMINARY INJUNCTION ORDER ENTERED AT ECF 83

On February 23, 2023, this Court entered its Order granting VPR's motion for

preliminary injunction. The injunction provided:

> Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are enjoined and restrained from:
>
> a. Importing, distributing, advertising, marketing, or selling all ELFBAR e-cigarette products in the United States; and
>
> b. Using VPR's ELF registered trademark, any design that looks substantially similar to VPR's ELF trademark, or any mark confusingly similar to VPR's ELF registered trademark, in connection with the importation, distribution, advertising, marketing, or sale of any e-cigarette product in the United States.

After the Court's Preliminary Injunction was issued, the defendants did not cease the conduct this Court enjoined. Defendant continued to distribute, advertise, market, and sell ELFBAR e-cigarette products in the United States. Defendants also undertook efforts to evade and subvert the injunction by concealing their sales of ELFBAR products by repackaging ELFBAR products in non-ELFBAR packaging. Plaintiff's investigation caught defendants in the act of violating this Court's order. An order to the defendants to show cause why they should not be punished for their contempt should therefore issue, along with sanctions against the defendants for their contempt.

## I.      FACTS

1.      Since the injunction issued on February 23, 2023, VPR's CEO, Kevin Frija, has continued to receive numerous email advertisements promoting and marketing the sale of ELFBAR e-cigarette products in the United States.  (April 6, 2023 Declaration of Kevin Frija ("Frija Decl."), ¶ 3-4, Ex. 1).

2.      Mr. Frija determined the email advertisements originated from multiple distributors, including the following Florida-based sub-distributors of ELFBAR products:

    a.   SMOKE SHOP DIRECT DIST INC. d/b/a SMOKE DIRECT DISTRIBUTION located in Ft. Lauderdale, Florida (Id., ¶ 5-6, Ex. 2);

    b.   MC HOLDINGS USA, LLC d/b/a ALPHA DISTRIBTION located in Boca Raton, Florida (Id., ¶ 5-6, Ex. 3);

    c.   USA VAPE COMPANY LLC located in Hollywood, Florida (Id., ¶ 5-6, Ex. 4).

3.      On March 22, 2023 Mr. Frija received an email advertisement brochure from advertisement from defendant SAFA GOODS LLC ("SAFA"), from the email sales@safagoods.com, continuing to advertise and offer for sale ELFBAR products. (Id., ¶ 8, Ex. 5).

4.      Based upon the advertisements and location of the sub-distributor companies listed above in Florida,  the email advertisement from defendant SAFA in which SAFA continues to market and offer ELFBAR for sale, and the status of SAFA as a Port Charlotte, Florida-based master distributor of ELFBAR products, it is reasonable to believe that the sub-distributor companies listed above that continue to market, advertise and sell ELFBAR products obtained those ELFBAR products from defendant SAFA GOODS LLC. (Id., ¶ 7).

5.      THE KING OF VAPE is a chain of stores on the west coast of Florida that sell electronic cigarettes and related products. THE KING OF VAPE maintains a website at www.thekingofvape.com. The WHOIS report for the www.thekingofvape.com domain indicates that the registrant of the www.thekingofvape.com domain is Taher Shriteh with an email address of tshriteh@gmail.com. (Id., ¶ 10, Ex. 8).

6.      THE KING OF VAPE is a fictitious name registered with the Florida Division of Corporations to ORANGE WHOLESALE LLC, and the individual responsible for the King of Vape's filings with Florida Division of Corporations is Taher Shriteh. (April 6, 2023 Declaration of Stephen Michael Smith ("Smith Decl."), ¶ 8, Ex. 6).

7.      THE KING OF VAPE is also a federally registered trademark of ORANGE WHOLESALE LLC. (Id., ¶ 9, Ex. 7).

8.      According to the website at www.thekingofvape.com, under the "store locations" link, ORANGE WHOLESALE LLC operates 16 stores on the west coast of Florida under the name THE KING OF VAPE.  (Id., ¶ 11).

9.      ORANGE WHOLESALE LLC is a Florida limited liability company. The address for ORANGE WHOLESALE LLC is 2231 Tamiami Trail, Port Charlotte, FL 33948.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

The registered agent is Taher Shriteh. The Managers are Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh. (Id., ¶ 12, Ex. 9).

10.     ORANGE WHOLESALE LLC was originally named CAPE SMOKES LLC. In 2016 Taher Shriteh submitted a name change to change the LLC name to ORANGE WHOLESALE LLC. In 2017, Haitham Shriteh was added as a manager of ORANGE WHOLESALE LLC. In 2018, Ahmed Shriteh was added as an authorized representative of ORANGE WHOLESALE LLC. Since 2018, Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh have been the managers, officers, or authorized representatives of ORANGE WHOLESALE LLC according to the records of the Florida Division of Corporations. (Id., ¶ 13).

11.     SAFA GOODS LLC is a Florida limited liability company. The address for SAFA GOODS LLC is 1212 Market Circle, Port Charlotte, FL 33953. The registered agent is Haitham Shriteh. The managers are Haitham Shriteh, and Ahmed Shriteh. (Id., ¶ 14, Ex. 10).

12.     Since 2018, Haitham Shriteh, and Ahmed Shriteh have been the managers of SAFA GOODS LLC according to the records of the Florida Division of Corporations. (Id., ¶ 15).

13.     Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh are all related by blood. (Id., ¶ 16).

14.     Since March 30, 2023, VPR has confirmed that ELFBAR electronic cigarette products are being advertised, marketed and sold at THE KING OF VAPE (KOV) stores in Florida. (Id., ¶ 17, Ex. 11; April 12, 2023 Supplemental Declaration of Stephen Michael Smith ("Smith Supp."), ¶ 3-4, Ex. 12).

15.     Some of the ELFBAR electronic cigarette products marketed and sold at THE KING OF VAPE (KOV) stores are packaged in a BC-5000 outer box, not featuring the ELFBAR

name, however the products within the boxes are ELFBAR-branded. (Id. Ex. 11 at Fig, 1 and Fig. 9).

## II.  MEMORANDUM OF LAW

### A.  Issuance of an Order to Show Cause is Proper Precursor to a Finding of Contempt.

"[I]njunctions are enforced through the district court's civil contempt power." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 n.23 (11th Cir. 2005); *Reynolds v. McInnes*, 338 F.3d 1201, 1208 (11th Cir. 2003); *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000); *Newman v. Alabama*, 683 F.2d 1312, 1318 (11th Cir. 1982). If a party contends that another party is violating an injunction, the aggrieved party should move the court for an order to show cause why the other party should not be held in civil contempt. *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (citing *Roberts*, 207 F.3d at 1298).

"(T)he power to punish for contempts is inherent in all courts." *Young v. United States ex rel. Vuitton Et Fils S. A.*, 481 U.S. 787, 795 (1987) (internal quotations omitted) (quoting *Michaelson v. United States ex rel. Chicago, St. P., M., & O. R. Co.*, 266 U.S. 42, 65 (1924)); *Gompers v. Buck Stove & Range Co.*, 221 U.S. 418, 450 (1911) ("The power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law"); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). "The underlying concern that gave rise to the contempt power was not, however, merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Young*, 471 U.S. at 798 (1987) (citing *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 333 (1904)).

**B.      An Order to Show Cause Should Issue**

Rule 65(d) provides that a preliminary injunction binds "the parties; the parties' officers,

agents, servants, employees, and attorneys, and other persons who are in active concert or

participation with [them]." Fed. R. Civ. P Rule 65(d).

In flagrant disregard of this court's Preliminary Injunction order, one or more of the

defendants in this case, their officers, as well as retail stores "in active concert" with one or more

defendants, continue to distribute, advertise, market and sell ELFBAR e-cigarette products in the

United States.

VPR continues to receive email marketing and catalogues from Florida distributors of

ELFBAR e-cigarette products advertising, marketing and offering for sale ELFBAR e-cigarette,

including direct email advertisements from SAFA, a named defendant in this action. (Frija Decl.,

generally).

At least two defendants in this suit subject to the preliminary injunction, WEIBOLI and

SAFA, disregarded and "refused to obey" this Court's preliminary injunction order. *Reynolds v.

McInnes*, 338 F.3d 1201, 1208 (11th Cir, 2003)(citing *Roberts*, 207 F.3d at 1298).  SAFA is

Weiboli's master distributor in the Florida region, and SAFA has continued to advertise market

and sell ELFBAR e-cigarette products.

Additionally, not only has SAFA marketed and sold ELFBAR e-cigarette products to

retail stores, at least one chain of retail stores, operating under the King of Vape name, is in

direct and active concert with SAFA.

ELFBAR e-cigarette products remain on sale in physical retail stores, including the King

of Vape retail stores located throughout Florida.  (Smith Decl., generally).  The "King of Vape"

is a fictitious name of Orange Wholsesale, LLC, a corporation sharing common ownership and management with Defendant SAFA GOODS, LLC.

Some of the ELFBAR electronic cigarette products marketed and sold at The King of Vape stores are packaged in a BC-5000 outer box, not featuring the ELFBAR name, however the products within the boxes are ELFBAR-branded. (Smith Decl., Ex. 11 at Fig, 1 and Fig. 9).  At least some of the goods being provided to King of Vape are placed in outer boxes that appear to comply with this Court's preliminary injunction, concealing the ELFBAR-branded products that are actually being sold in violation of the of the preliminary injunction.

Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh are all blood relatives, that together own and operate defendant SAFA GOODS, LLC (a distributor), and THE KING OF VAPE retail stores.   "The relationship between the party enjoined and the nonparty that determines the permissible scope of an injunction." *Paramount Pictures Corp. v. Carol Publ'g Group*, 25 F. Supp. 2d 372, 374 (SDNY 1998)(citing *Regal Knitwear Co. v. Nat'l Labor Relations Board*, 324 U.S. 9, 15 (1945).

Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh, as the officers and agents of SAFA, are subject to the preliminary injunction, and have "received actual notice" of the preliminary injunction order. Nevertheless Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh, continue to sell ELFBAR e-cigarette products at their THE KING OF VAPE retail stores, owned by their related company Orange Wholsesale, LLC.  Orange Wholesale, LLC is an "active concert" with SAFA, and is subject to the injunction.

At least Defendants Weiboli and Safa violated and remain in active violation of this Court's preliminary injunction order.  Further, Safa's officers' and agents Taher Shriteh, Haitham Shriteh, and Ahmed Shriteh and their related company, Orange Wholsesale, LLC,

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

despite being on notice for the preliminary injunction, are actively violating the injunction, by continuing to sell ELFBAR products at their THE KING OF VAPE retail stores.

An Order to Show Cause why they should not be punished for their contempt should therefore issue to: (1) all named Defendants  (2) Orange Wholsesale, LLC (dba The King of Vape); (3) Taher Shriteh; (4) Haitham Shriteh; and (5) Ahmed Shriteh.

DATED: April 12, 2023                     Respectfully submitted,

*/s/  Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number:  1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff VPR Brands, LP*