UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-cv-81576 and 22-cv-81977 and 22-62373

CONSOLIDATED CASES

VPR BRANDS, LP,

       Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., et al.,

       Defendants.

---

VPR BRANDS, LP,

       Plaintiff,

v.

IMIRACLE HK LIMITED and HEAVEN GIFTS INTERNATIONAL LIMITED,

       Defendants.

---

VPR BRANDS, LP,

       Plaintiff,

v.

SHENZHEN IMIRACLE TECHNOLOGY CO., LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS, LLC D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, and KINGDOM VAPOR INC.,

       Defendants.

---

**MOTION FOR CLARIFICATION, MODIFICATION, OR FOR A DISCOVERY CONFERENCE WITH THE MAGISTRATE JUDGE**

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Plaintiff VPR BRANDS, LP ("VPR") moves for clarification or modification of the stay entered by the Court in its Order dated May 5, 2023 (ECF 167), or for a discovery conference with the Magistrate Judge, and states as follows:

On May 5, 2023, the Court wisely stayed this case pending the Federal Circuit's consideration of defendants' appeal. Defendants' relentless efforts to overturn the preliminary injunction entered on February 23, 2023, by all available means were a waste of judicial resources while the appeal was considered.

The Court's stay order was well reasoned and comprehensive but for one detail that was overlooked: **discovery.** In order for the parties to be prepared to mediate on July 27, 2023 as ordered, discovery is needed. Otherwise, mediation will be unsuccessful because the parties will have an incomplete picture of the extent of defendants' infringement and damages.

As its **certification pursuant to Local Rule 7.1(a)(3)**, counsel certifies it requested defendants agree to permit discovery to proceed in some form, and were prepared to compromise on discovery limitations. However, in a video conference on May 8, 2023 counsel for defendants **flat-out refused to compromise**. Counsel for VPR pointed out to the defendants that the Court would have never ordered the parties to "remain subject to the Court's Order Scheduling Mediation [ECF No. 162] and must attend mediation **in-person** on July 27, 2023, 9:00 A.M." without allowing for the discovery needed for a productive mediation. However, counsel for defendants responded "a stay is a stay" and flat-out refused to compromise.

Counsel for VPR remains willing and able to compromise despite defendants' strident and ill-conceived position. Discovery should go forward. Magistrate Judge Reinhart can oversee the parties' disputes.

However, if the Court has reservations or concerns about permitting full discovery, VPR

respectfully submits that the parties should be ordered to meet and confer to agree on an abbreviated discovery schedule or appear before Magistrate Judge Reinhart for resolution of disputes related thereto.

VPR's requests are reasonable and appropriate. Compromise requires information and understanding by both sides. Discovery provides that understanding and that information. The court should permit discovery to proceed.

### S.D. FLA. L.R. 7.1(a)(3) CERTIFICATE OF CONFERRAL

I hereby certify that on May 8, 2023, Plaintiff's counsel conferred with Defendants' counsel by remote videoconference regarding the contents of this motion. Defendant's counsel did not agree to that discovery should go forward and responded "a stay is a stay."

DATED: May 9, 2023                     Respectfully submitted,

/s/  Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number:  1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff VPR Brands, LP*