UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81576-CIV-CANNON/Reinhart
22-62373-CIV-CANNON
22-81977-CIV-CANNON

VPR BRANDS, LP,

   Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., et al.,

   Defendants.
_____

VPR BRANDS, LP,

   Plaintiff,

v.

IMIRACLE HK LIMITED and HEAVEN GIFTS INTERNATIONAL LIMITED,

   Defendants.
_____

VPR BRANDS, LP,

   Plaintiff,

v.

SHENZHEN IMIRACLE TECHNOLOGY CO., LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS, LLC D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, and KINGDOM VAPOR INC.,

   Defendants.
_____

**PLAINTIFF'S NOTICE AND REPORT**

VPR Brands, LP, by and through its undersigned counsel, hereby provide this Court with its notice and report as ordered in ECF 188:

I. **INTRODUCTION**

On August 21, 2024, the U.S. Court of Appeals for the Federal Circuit vacated this court's decision granting plaintiff's motion for preliminary injunction, and remanded this action "to reconsider Weiboli's unlawful-use defense in a manner consistent with our decision and reevaluate VPR's motion for a preliminary injunction."

The Court requested Plaintiff "lay out a specific roadmap…on how to proceed, taking into account the various issues/motions implicated in all three cases." Plaintiff endeavors to do so below in detail.

VPR's position is twofold: (1) the USPTO-created unlawful use doctrine lacks any proper basis in trademark infringement law and should not be applied to prevent VPR from enforcing its trademark rights against the defendants; and (2) even if the unlawful use doctrine applies in trademark infringement cases, the doctrine does not prohibit VPR from enforcing its trademark rights against the defendants here.

VPR is therefore recommending this Court proceed as follows:

- Streamline the case by moving the patent infringement claims to a new case either by severance or dismissal without prejudice and refiling (with alternate service ordered or service agreed to be accepted by the defendants against whom those claims are asserted) so those claims can be separately litigated and do not impede the progress of this case in this Court or in any subsequent appeal.

- Proceed to a one-day hearing in person on plaintiff's motion for preliminary injunction where both sides would have the opportunity to present testimony, including additional expert testimony, and argument on the unanswered questions raised by the Federal Circuit's decision concerning the PTO-created unlawful use doctrine. Ordering briefing prior to the hearing and submission of proposed orders after the hearing on the motion for preliminary injunction would provide the court with the necessary material to make its decision.

- With respect to the pending motions that have not been decided by the court filed by the defendants, since those motions also raise the issue of the application of the unlawful use doctrine, that issue can be addressed along with the main issue of VPR's motion for preliminary injunction. To the extent that the issue is determined with respect to plaintiff's first filed motion then the same determination should be applied to the pending motions as to the unlawful use doctrine issue. If there are other issues deserving of an evidentiary hearing, the defendants should explain why. However, for the reasons VPR already stated in response to those motions, they are speculative and should be denied.

## II. DETAILED REPORT

### 1. Severing or Refiling the Patent Infringement Claims

The parties already discussed and appeared to be in agreement with this first step. The only question is the mechanism by which it occurs, severance or dismissal and refiling.

VPR's claims for patent infringement are filed against the following defendants in these cases: Case No. 9:22-cv-81576 (patent infringement claims asserted against Shenzhen Weiboli Technology Co. Ltd.); Case No 0:22-cv-62373 (patent claims against Shenzhen iMiracle Technology Co. Ltd.); and Case No. 9:22-cv-81977 (patent claims against iMiracle HK Limited).

3

Separating those claims brings efficiency to the process. It permits those claims to proceed on their own track. Those defendants against whom the claims are asserted in the pending cases are also accused of trademark infringement and related claims. However, since patent infringement typically has a different set of procedural requirements around the Markman hearing requirement, putting those claims on a separate track eases the burden on the court, the parties, and may facilitate resolution of those claims.

### 2. One Day Hearing in Person on Unlawful Use Doctrine

A one-day hearing is proposed to present a single additional fact witness and a single additional expert witness per side on the issue of the application of the unlawful use doctrine. Limiting each side to one fact witness and one expert witness should be sufficient to address the fact and expert issues the Court needs to be informed about in making its decision.

*First*, the Federal Circuit left open the issue whether the unlawful use doctrine has a proper basis in law such that it could prevent VPR from enforcing its trademark rights. That issue is deserving of briefing and review by this court so that a fully informed decision can be made in the first instance whether the unlawful use doctrine applies at all in district court trademark infringement litigation.

*Second*, the need for expert witness testimony is the result of the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024). The Supreme Court overturned *Chevron* deference in *Loper Bright*. The defendants' arguments in favor of the application of the unlawful use doctrine before this court on the motion for preliminary injunction relied entirely upon FDA regulations, rulemaking and actions. But the law has changed. See *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.,* No. 22-3412, 2024 U.S. App. LEXIS 23950, at *72 n.27 (3d Cir. Sep. 20, 2024)(Noting that "deferring to the FDA" position on the application of a statute

would run afoul of *Loper Bright's* requirement that the courts decide those questions in the first instance).

Since *Loper Bright,* the FDA's determinations—like those of other administrative agencies—are no longer entitled to deference under the Administrative Procedures Act. As a result, this Court needs to independently assess the FDA's application of the Tobacco Control Act to the plaintiff's ELF branded products if this court determines that it must apply the unlawful use doctrine to VPR's USPTO granted trademark registration.

This Court's Preliminary Injunction Order made clear that the issue presented and argued by the defendants on the unlawful use doctrine was that the "'asserted ELF trademark is unenforceable due to illegality,' because Plaintiff has not obtained FDA pre-marketing authorization to sell its ELF-branded products as required by 21 U.S.C. § 387j(a)(1)–(2)." (ECF 83 at 7). Since this Court's decision, the Fifth Circuit following *Loper Bright* held that courts—not the FDA—must make the determinations of the legality of the premarket approval regulations (PMTA) adopted by the FDA pursuant to the Tobacco Control Act. See *Mayfield v. United States DOL,* No. 23-50724, 2024 U.S. App. LEXIS 23145, at *1 (5th Cir. Sep. 11, 2024)(determining the regulatory procedures went "well beyond the express authority granted" to the Department of Labor by the Fair Labor Standards Act (FLSA), and observing that "the court must independently identify and respect constitutional delegations of authority, police the outer statutory boundaries of those delegations, and ensure that agencies exercise their discretion consistent with the [Congressional Statute]. Doing so requires using all relevant interpretive tools to determine the best reading of a statute; a merely permissible reading is not enough.")

*Third*, this Court's determination of the threshold issue on remand should precede any determination on the defendants' subsequently filed injunction-related motions that the Court denied without prejudice:

- Defendant/Counterclaim Plaintiff Imiracle (HK) Limited's Motion for Preliminary Injunction (ECF 161)

- Defendants' Motion to Dissolve Preliminary Injunction or, alternatively, to increase security (ECF 144)

- Plaintiff's Motion for a Preliminary Injunction in Case No. 9:22-cv-81977 (ECF 20)

Those motions also raise issues with respect to the unlawful use doctrine. While the Court can decide them if it chooses, they are not essential to the Federal Circuit's Mandate on remand.

With respect to the Defendant/Counterclaim Plaintiff Imiracle HK Limited's Counterclaim (ECF 149), to the extent that it raised patent non-infringement or validity claims, those would be consigned to the severed or refiled case. To the extent it raised claims related to the trademark infringement claims in VPR's Amended Complaint, VPR agrees to respond to those counterclaims.

Obviously, addressing these issues will require a limited schedule for these proceedings. However, plaintiff believes that all of the outstanding motions and the remand issues can be addressed and determined in under six months. For that limited period, the parties can cooperate with respect to preparing and submitting an updated schedule. The parties should also cooperate on a schedule for briefing the issues prior to the hearing on the motion for preliminary injunction, permitting limited depositions, and limited discovery not covered by prior disclosures as long as they are focused on the pending motions.

Dated: September 25, 2024                                   Respectfully Submitted,

*/s/ Joel Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.Rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number: 1024723
Layla.Nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
(561) 404-4350 – Telephone
(561) 404-4353 – Facsimile