UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81576-CIV-CANNON/Reinhart
22-62373-CIV-CANNON
22-81977-CIV-CANNON

VPR BRANDS, LP,

      Plaintiff,

v.

SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., et al.,

      Defendants.
_____/

VPR BRANDS, LP,

      Plaintiff,

v.

IMIRACLE HK LIMITED and HEAVEN GIFTS INTERNATIONAL LIMITED,

      Defendants.
_____/

VPR BRANDS, LP,

      Plaintiff,

v.

SHENZHEN IMIRACLE TECHNOLOGY CO., LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS, LLC D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, and KINGDOM VAPOR INC.,

      Defendants.
_____/

**<u>DEFENDANTS' NOTICE AND REPORT</u>**

Defendants in the consolidated actions captioned above, by and through their undersigned counsel, hereby provide the court with their notice and report in response to Plaintiff VPR Brands, LP's Notice and Report (ECF 189), as ordered by the Court (ECF 188).

1. **INTRODUCTION**

As Plaintiff correctly notes in its Notice and Report (ECF 189), on August 21, 2024, the U.S. Court of Appeals for the Federal Circuit vacated this court's decision granting plaintiff's motion for preliminary injunction, and remanded this action "to reconsider Weiboli's unlawful-use defense in a manner consistent with our decision and reevaluate VPR's motion for a preliminary injunction." Defendants, however, respectfully disagree with Plaintiff's roadmap on how to proceed, as Plaintiff's approach neglects to adequately "take into account the various issues/motions implicated in all three cases."

While Defendants concur with Plaintiff's suggestion concerning severing Plaintiff's patent claims, Defendants disagree with Plaintiff's proposal for "a one day hearing on plaintiff's motion for preliminary injunction," and with its proposed treatment of Defendants' prior motions, which the Court had dismissed without prejudice. Defendants further disagree with Plaintiff's recommendations insofar as they are incomplete. As explained in Defendants' post-injunction hearing filings, the operative facts of this case have changed substantially since Plaintiff's initial request for and the Court's grant of the preliminary injunction, thereby calling into question other key facts upon which the preliminary injunction was based. These issues go well beyond the discrete issue of the unlawful use doctrine that was before the Federal Circuit. In view of these changes, Defendants provide the following responses to Plaintiff's recommendations, followed by an alternate plan for proceeding in this case.

## II. RESPONSE TO PLAINTIFF'S PROPOSED TERMS

### 1. Severing the Patent Infringement Claims

Defendants agree with Plaintiff severing its patent claims against the non-distributor defendants in a manner to be recommended by the Court. Defendants believe the most efficient method to accomplish this would be via dismissal of the respective patent claims without prejudice, with leave to re-file against the relevant defendants.

### 2. One-Day Hearing on Unlawful Use Doctrine

Defendants disagree with Plaintiff's proposal for a one-day hearing "on Plaintiff's Motion for Preliminary Injunction" with expert testimony on the issue of the unlawful use doctrine. Defendants object to this proposal for the following reasons.

First, Plaintiff's proposal is unclear why further fact or expert testimony is warranted or necessary for the Court's evaluation and application of the unlawful use doctrine. Without a better understanding of the nature of the testimony Plaintiff seeks to elicit on the issue, Defendants do not believe Plaintiff's proposal is an effective path forward.

Second, while Plaintiff suggests that such testimony is needed as a result of the Supreme Court's recent decision in *Loper Bright Enters. V. Raimondo*, 114 S.Ct. 2244 (2024), Plaintiff does not explain *Loper*'s applicability to this case considering the Federal Circuit's remand order. The Federal Circuit's opinion made no mention of *Loper,* nor did it address expert testimony on the subject. It merely instructed the district court, "consistent with this decision, to reconsider all pertinent issues and reevaluate VPR's motion for preliminary injunction." *VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*, 2024 U.S. APP. LEXIS 20450 at *17-18 (Fed. Cir. August 14, 2024).

Finally, Plaintiff's focus on the unlawful use doctrine solely through the lens of its own prior preliminary injunction motion unfairly disregards the substantial post-injunction factual developments in the consolidated cases that also merit consideration per the Federal Court's instructions to reconsider "all pertinent issues."  Defendants outlined these factual developments, and the legal consequences thereof, in pleadings submitted shortly before this Court stayed proceedings, including in Defendants' Motion to Dissolve of Vacate Preliminary Injunction (ECF 144) and Defendant/Counterclaim Plaintiff Imiracle (HK) Limited's Motion for Preliminary Injunction (ECF 161), both of which the Court denied without prejudice on May 5, 2023 (ECF 167).  These legal and factual issues are wholly independent of the unlawful use doctrine, including Plaintiff's ownership of its asserted ELF mark, whether Plaintiff can even establish the foundational issue of priority in view of Imiracle's post-injunction acquisition of senior rights in the ELF mark, and post-injunction conduct by Plaintiff and others acting in concert therewith, including a new Counterclaim Defendant added to the case by Imiracle via its Partial Answer, Affirmative Defenses and Counterclaims that it filed on April 26, 2023 (ECF 149).  All these developments impact the parties' respective likelihood of success on the merits, whether a preliminary injunction is warranted in this case, and to which party, notwithstanding how the Court evaluates the unlawful use doctrine issue.

### III.  DEFENDANTS' PROPOSED POST-REMAND PROCESS

Defendants respectfully identify the following issues that remain outstanding, along with a proposal for addressing each such issue.

#### 1.  Pleadings Schedule

To date, the only party to have filed an answer to any of the complaints and counterclaims in these three consolidated matters is Defendant/Counterclaim Plaintiff Imiracle HK Limited,

which shortly before proceedings were stayed, filed a partial Answer to VPR's Complaint, as well as Counterclaims against VPR and Counterclaim-Defendant Elf Brands LLC.  (ECF 140).[1]  In view of the Court's denial of the pending Motions to Dismiss, the Parties' agreement to sever VPR's patent claims from this case, and the addition of one new Counterclaim Defendant that has not yet appeared in this case, Defendants propose that the Court establish a new, omnibus pleading schedule, as follows:

- Plaintiff to file an Amended Omnibus Complaint without patent claims: Due 21 days after Court-issued Scheduling Order.
- Defendants to file Answers, Counterclaims, Third-Party Claims, or Crossclaims: Due 21 days after Plaintiff's Omnibus Amended Complaint.
- Answers to Counterclaims, Third-party Claims, or Crossclaims:  Due 14 days thereafter.
- Issues Concerning Applicability of the Unlawful Use Doctrine are DEFERRED until a consolidated hearing on the parties' competing motions for preliminary injunction.

## 2. Injunction Briefing and Hearing

In view of the substantial factual developments since the Court's December, 2022 preliminary injunction hearing, Defendants respectfully request a briefing schedule for Defendant Imiracle to resubmit its Motion for Preliminary Injunction (ECF 161), which the Court previously denied without prejudice (ECF 167),[2]  to be fully briefed and set for a consolidated evidentiary

---

[1] Prior to consolidation of Case No. 9:22-cv-81977, Imiracle (HK) Limited and Heaven Gifts International Limited had filed a motion to dismiss or, alternatively, for summary judgment (ECF 26 in Case No. 9:22-cv-81977) in response to VPR's Complaint.  While that Motion to Dismiss remains pending, as well as a similar Motion to Dismiss in consolidated Case No. 0:22-cv-62373, Defendants presume the Court's September 30, 2024 Paperless Order denying without prejudice Defendants' Motion to Dismiss and/or for Summary Judgment in the parent case (ECF 80) was intended to apply to these motions to dismiss from the consolidated cases as well.

[2] Defendants' prior Motion to Dissolve or Vacate Preliminary Injunction or in the Alternative, to Increase Security was rendered moot by the Federal Circuit's August 14, 2024, Order, so Defendants do not anticipate renewing that motion at this time.

hearing with Plaintiff's Motion for Preliminary Injunction. The Court may consider issues concerning the unlawful use doctrine in connection with its assessment of the parties' respective requests for preliminary injunctive relief per the Federal Circuit's remand instructions, along with all other "pertinent issues." Defendants propose that testimony from parties located outside the United States may be introduced via videotaped depositions in lieu of live testimony. Defendants anticipate such a hearing will last 2-3 days and be limited to evidence and testimony not introduced at the prior hearing on Plaintiff's motion. The parties would then file post-hearing briefs and proposed findings of fact and conclusions of law 21 days after the hearing. These briefs would take into account the testimony and evidence at both this hearing and at the original hearing on Plaintiff's motion. This consolidated hearing and briefing would allow the Court to efficiently resolve the parties' competing motions for preliminary injunction, and in accordance with the Federal Circuit's Order and direction.

### 3. Bond

Defendants also expect to file a motion under Fed. R. Civ. P. 65.1 with respect to Plaintiff's $500,000 security bond (ECF 86).

Dated: October 3, 2024                                  Respectfully Submitted,


                                                                      */s/ Tucker C. Motta*
                                                                       TUCKER C. MOTTA
Florida Bar Number: 112659
Tucker.Motta@mhllp.com

**MCDOWELL HETHERINGTON LLP**
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 – Fax

>Eric N. Heyer (admitted *pro hac vice*)
>Meixuan (Michelle) Li (admitted *pro hac vice*)
>Joseph A. Smith (admitted *pro hac vice*)
>Anna Stressenger (admitted *pro hac vice*)
>Krupa A. Patel (admitted *pro hac vice*)
>
>**THOMPSON HINE LLP**
>1919 M Street, NW, Suite 700
>Washington, DC 20036
>Phone: 202.331.8800
>Fax: 202.331.8330
>eric.heyer@thompsonhine.com
>michelle.li@thompsonhine.com
>joseph.smith@thompsonhine.com
>anna.stressenger@thompsonhine.com
>krupa.patel@thompsonhine.com
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Joel B. Rothman, Esq.
>Layla T. Nguyen, Esq.
>SRIPLAW, P.A.
>21301 Powerline Road, Suite 100
>Boca Raton, FL 33433
>joel.rothman@sriplaw.com
>layla.nguyen@sriplaw.com
>*Counsel for Plaintiff VPR Brands, LP*
>*and Counter Defendant Elf Brand LLC*
>
>Joseph A. Dunne, Esq.
>Admitted *Pro Hac Vice*
>SRIPLAW, P.A.
>175 Pearl Street, Third Floor
>Brooklyn, NY 11201
>joseph.dunne@sriplaw.com
>*Co-Counsel for Plaintiff*
>
>Leslie J. Lott, Esq.
>Ury Fischer, Esq.

Lott & Fischer P.L.
255 Aragon Ave., Third Floor
Coral Gables, FL 33134
ljlott@lottfischer.com
ufischer@lottfischer.com
*Co-Counsel for Ecto World LLC*

<u>s/Tucker C. Motta</u>
Tucker C. Motta